**Jason Scutt, Pro Se,**
1880 Pine St. APT 704,
San Francisco, CA 94109
Tel: (808) 250-0472
Email: jason.r.scutt@gmail.com

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

**RENO DIVISION**

| | |
|---|---|
| **JASON SCUTT, Pro Se, an individual,**<br>Plaintiff,<br>v.<br>PAUL CONSTANTINE ORPHAN, an individual;<br>"LIZZY" ORPHAN, an individual;<br>DOES 1-20, inclusive,<br>Defendants. | Case No.: 3:26-cv-00351-ART-CLB<br><br>**PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES (Fed. R. Civ. P. 65; LR 7-2)** |

# PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Plaintiff Jason Scutt, appearing pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 65(b) for a Temporary Restraining Order ("TRO") and, upon further briefing, a Preliminary Injunction directing Defendant Paul Constantine Orphan to (1) vacate the real property located at 7057 Pilot Drive, Sparks, Washoe County, Nevada 89436 (the "Sparks Property"); (2) immediately cease all contact with Plaintiff and with Wendy Bennett; and (3) cease any further transfer, encumbrance, or dissipation of assets belonging to Wendy Bennett.

This Motion is supported by the accompanying Memorandum of Points and Authorities; the Declaration of Jason Scutt; the Complaint on file herein; and all judicially noticeable facts.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Jason Scutt is a disabled, transgender individual who returned to the family home at 7057 Pilot Drive, Sparks, Nevada 89436, to provide care and support to his elderly, disabled mother, Wendy Bennett. Defendant Paul Constantine Orphan — a convicted felon with an outstanding criminal restitution obligation of approximately $2.2 million arising from a fraudulent scheme against Washoe County during his tenure as Engineering Manager of the County's Department of Water Resources — has inserted himself into Wendy's household and finances, has physically threatened Plaintiff with a golf club and baseball bat while directing hate speech at Plaintiff, and orchestrated an invasion of Plaintiff's bathroom privacy. Without immediate Court intervention, irreparable harm to both Plaintiff and Wendy will continue.

Orphan's criminal background is documented in public records: he was arrested in June 2008 after fleeing to Chicago, faced charges of grand theft for cashing 41 checks from fictitious businesses, and gambled over $1 million of stolen funds at John Ascuaga's Nugget casino in Sparks. He served time in Nevada state prison. He is currently on parole with the outstanding restitution obligation referenced above. His occupation of Wendy's home without lawful authority, combined with his documented history of financial predation, creates a clear and present danger to Wendy's person and estate.

## II. LEGAL STANDARD

A party seeking a temporary restraining order or preliminary injunction must establish: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-35 (9th Cir. 2011) (applying the "serious questions" sliding-scale variant within the Ninth Circuit).

A TRO may be issued without notice to the adverse party under Rule 65(b)(1) if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result" before the adverse party can be heard. Fed. R. Civ. P. 65(b)(1)(A). Plaintiff respectfully submits that the facts herein satisfy this standard and requests in the alternative that the Court schedule an expedited hearing on the preliminary injunction with shortened notice.

## III. ARGUMENT

### A. Plaintiff Is Likely to Succeed on the Merits.

The Complaint alleges eight causes of action including violations of the ADA, Civil RICO (18 U.S.C. § 1962(c)), civil rights conspiracy (42 U.S.C. § 1985(3)), assault and battery, intentional infliction of emotional distress, invasion of privacy, elder abuse, and negligence. Each is supported by specific factual allegations.

With respect to the injunction specifically, Plaintiff demonstrates at minimum serious questions going to the merits under the ADA (discriminatory threats targeting Plaintiff's disability and transgender identity), civil assault (Orphan's repeated wielding of a golf club and baseball bat), and elder financial abuse under NRS Chapter 200. Orphan occupies the Sparks Property (7057 Pilot Drive, Sparks, NV 89436) without legal title or lease and has no lawful basis to remain. His status as a parolee with an outstanding $2.2 million restitution obligation and his documented history of financial predation heighten the risk of further exploitation of Wendy's property, which has an estimated current market value of approximately $677,000.

### B. Plaintiff Will Suffer Irreparable Harm Without a TRO.

Irreparable harm is established where, as here, (1) the plaintiff's safety is threatened; (2) an ongoing violation of civil rights is occurring; and (3) the loss of a family home and financial

assets cannot be adequately compensated by money damages alone. See Chalk v. U.S. Dist. Court, 840 F.2d 701, 709 (9th Cir. 1988) (ADA violations constitute irreparable harm); Regents of the Univ. of Cal. v. Am. Broad. Cos., 747 F.2d 511, 519 (9th Cir. 1984) (ongoing threat to safety may constitute irreparable harm).

Defendant Orphan has physically threatened Plaintiff with weapons on multiple occasions. He continues to reside at the Sparks Property in proximity to Plaintiff. He has no apparent legitimate source of income and has a documented history of fraud and gambling addiction. The continuing financial exploitation of Wendy and her estate constitutes the type of irreversible harm that injunctive relief is designed to prevent. The threat of continued violence or further property dissipation is ongoing and immediate. Property is in disrepair.

**C. The Balance of Equities Tips Sharply in Plaintiff's Favor.**

Plaintiff and Wendy stand to suffer catastrophic harm — physical injury, financial devastation, and loss of their home — if Orphan is not restrained. Orphan, by contrast, has no lawful right to occupy the Sparks Property and will suffer no legally cognizable harm from being required to vacate a property to which he holds no title or valid tenancy. Any burden on Orphan from being required to cease contact with Plaintiff and Wendy is substantially outweighed by the physical and financial peril posed to them.

**D. The Public Interest Favors Injunctive Relief.**

The public interest is served by enforcement of the ADA, federal RICO statutes, and state elder abuse protections. Courts have consistently recognized that the public has a strong interest in preventing elder financial abuse and protecting disabled individuals from discrimination and violence. See 42 U.S.C. § 12101(b)(1); NRS 200.5091 (legislative declaration). Preventing a convicted fraudster on parole with a $2.2 million restitution obligation from further exploiting a vulnerable elderly woman and her disabled child is unquestionably in the public interest.

## IV. FORM OF RELIEF REQUESTED

Plaintiff respectfully requests that the Court enter a Temporary Restraining Order, without bond or with nominal bond given Plaintiff's SSDI status and inability to pay, ordering as follows:

1. Defendant Paul Constantine Orphan shall immediately vacate the Sparks Property, located at 7057 Pilot Drive, Sparks, Washoe County, Nevada 89436 (APN to be confirmed), and shall not return without prior Court approval;

2. Defendant Orphan shall have no contact, direct or indirect, with Plaintiff Jason Scutt or with Wendy Bennett, pending further order of this Court;

3. Defendant Orphan shall not transfer, encumber, dispose of, or dissipate any assets of Wendy Bennett, including any interest or claim relating to the Sparks Property, pending further order of this Court;

4. The Court shall set a hearing on Plaintiff's Motion for Preliminary Injunction at the earliest practicable date, with shortened notice to Defendants; and

5. Such other and further relief as the Court deems just and proper.

## V. REQUEST FOR HEARING ON SHORTENED TIME

Pursuant to LR 7-4, Plaintiff requests that this Court treat the accompanying Motion as an emergency and set a hearing on shortened time. Plaintiff's physical safety and Wendy's welfare are at immediate risk. Plaintiff is prepared to appear at any time and manner convenient to the Court.

## VI. CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant a Temporary Restraining Order as set forth above and schedule an expedited hearing on the Preliminary Injunction.

Dated: May _15____, 2026

Respectfully submitted,

/s/ Jason Scutt

**JASON SCUTT**
Pro Se Plaintiff
1880 Pine St. APT 704
San Francisco, CA 94109
Tel: (808) 250-0472
Email: jason.r.scutt@gmail.com

## PROOF OF SERVICE

I, Jason Scutt, declare under penalty of perjury under the laws of the United States that on the date indicated below, I caused to be served the foregoing document upon the following parties by the following method:

Defendant Paul Constantine Orphan
7057 Pilot Drive, Sparks, NV 89436

Defendant "Lizzy" Orphan
[Address to be completed upon service — see FRCP 4]

☐ U.S. Mail, First Class, postage prepaid
☐ Personal Service
☐ CM/ECF Electronic Service (upon registered filers)

Executed on: _____________, 2026, at San Francisco, California.

/s/ Jason Scutt

**JASON SCUTT, Pro Se Plaintiff**