**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| JASON SCUTT,<br><br>                              Plaintiff,<br><br>        v.<br><br>PAUL CONSTANTINE ORPHAN, *et al.*,<br><br>                         Defendants. | Case No. 3:26-CV-00351-ART-CLB<br><br>**ORDER REGARDING PLAINTIFF'S MISCELLANEOUS MOTIONS**<br><br>[ECF Nos. 8, 9, 10, 11, 13, 14, 15, 16, 17, 18, 19, 20] |

Before the Court are twelve motions filed by *pro se* Plaintiff Jason Scutt ("Scutt") which can be divided into four categories: (1) motions for email as primary method of service, (ECF Nos. 8, 15, 20); (2) motions for authorization to file electronically, (ECF Nos. 9, 16, 18); (3) motions for copies of all docket filings, (ECF Nos. 11, 13, 17); and (4) motions for orders directing service of process, (ECF Nos. 10, 14, 19). For the reasons discussed below, Scutt's motions for email as primary method of service, (ECF Nos. 8, 15, 20), are denied as moot, motions for authorization to file electronically, (ECF Nos. 9, 16, 18), are granted, motions for copies of all docket filings, (ECF Nos. 11, 13, 17), is granted in part, and motions for orders directing service of process, (ECF Nos. 10, 14, 19), are denied.

**I.      MOTIONS FOR EMAIL FOR SERVICE AND TO FILE ELECTRONICALLY**

The Court will first address Scutt's motions for email as primary method of service, (ECF Nos. 8, 15, 20), and his motions for authorization to file electronically, (ECF Nos. 9, 16, 18). First, the Court finds there is good cause to grant Scutt's motions for permission to file electronically, (ECF Nos. 9, 16, 18). In order for Scutt to file documents electronically, he is required to register and maintain a CM/ECF account, which can be found on the court's website (www.nvd.uscourts.gov) under the Self Help/E-Filing Permission link. Scutt shall also complete the CM/ECF tutorial and become familiar with the Electronic Filing Procedures, Best Practices and the Civil Events Menu that are

accessible on the website. Scutt is instructed that this order granting permission to file on CM/ECF is applicable only to this case.

Pursuant to the Court's Local Rules, "[p]articipation in the court's electronic filing system by registration and receipt of a login and password constitutes consent to the electronic service of pleadings and other papers under applicable rules, statutes, or court orders." LR IC 4-1. Thus, by applying for and receiving permission to file electronically, Scutt will receive service of documents in this case through the electronic system. Thus, his requests for email as the primary method of service, (ECF Nos. 8, 15, 20), are denied as moot.

## II.      MOTIONS FOR COPIES OF THE DOCKET

Next, the Court will address Scutt's motions for copies of all docket filings, (ECF Nos. 11, 13, 17). Scutt requests he be sent a copy of all docket entries in this case in PDF format. (*Id.*)

First, it is not the Court's obligation to provide litigants with copy services. As Scutt has now been granted leave to file electronically, he will now be able to access all docket entries in this case and view each document as a PDF. Therefore, Scutt's motions are denied to the extent he seeks the Court provide him with a copy of every docket entry in this case.

However, in the interest of judicial economy, for this time only the Court will direct the Clerk to provide Scutt with a copy of the docket sheet in this case. If Scutt still needs copies in the future, the Clerk shall also be directed to provide Scutt with a copy order form so that Scutt may order copies of documents at his own expense.

## III.     MOTIONS FOR SERVICE OF PROCESS

Finaly, the Court will address Scutt's motions for an order directing service of process in this case. (ECF Nos. 10, 14, 19.) However, Scutt filed an application to proceed *in forma pauperis* in this case. (ECF No. 1.) Prior to ordering service on any Defendant, the Court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203

F.3d 1122, 1126 (9th Cir. 2000) (en banc) (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required **before** a litigant proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015). As Scutt has not yet been allowed to proceed on any claims in his complaint, he may not yet proceed to serve the complaint. Consequently, Scutt's motions for an order directing service of process, (ECF Nos. 10, 14, 19), are denied as premature.

**IV.    MISCELLANEOUS**

Before concluding, the Court will address Scutt's voluminous and repetitive filings. It is highly improper to file duplicative motions seeking the same relief. The Court is assigned to hundreds of cases and repeated filings on the docket do not prompt the Court to act with more urgency. Rather, such repeated filings serve only to clog the docket and increase the workload for the Court. Although the Court recognizes Scutt's eagerness to proceed with his case, the Court simply cannot immediately address every motion. Litigation may take years to conclude, and the Court encourages Scutt to be patient with the process.

The Court also reminds Scutt that all parties, including parties proceeding *pro se*, are required to follow the Federal Rules of Civil Procedure and the Local Rules. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Although the Court will liberally construe pro se pleadings and will give some latitude to *pro se* litigants, a continued failure to follow the Court's Local Rules and the Rules of Civil Procedure may result in sanctions.

**V.    CONCLUSION**

**IT IS THEREFORE ORDERED** that Scutt's motions for email as primary method of service, (ECF Nos. 8, 15, 20), are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Scutt's motions for authorization to file electronically, (ECF Nos. 9, 16, 18), are **GRANTED**.

**IT IS FURTHER ORDERED** that Scutt's motions for copies of all docket filings, (ECF Nos. 11, 13, 17), are **GRANTED IN PART** and **DENIED IN PART** as follows:

- The motions are **GRANTED** to the extent the Clerk is directed to **SEND** Scutt a copy of the docket sheet and a copy order form, and
- The motion is **DENIED** to the extent Scutt requests a copy of each document filed on the docket.

**IT IS FURTHER ORDERED** that Scutt's motions for orders directing service of process, (ECF Nos. 10, 14, 19), are **DENIED**.

**IT IS SO ORDERED**.

**DATED**: June 12, 2026.

_____
**UNITED STATES MAGISTRATE JUDGE**