UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
| --- | --- |
| JASON SCUTT,<br>Plaintiff,<br>vs.<br>PAUL CONSTANTINE ORPHAN, et al.,<br>Defendants. | Case No. 3:26-cv-00351-ART-CLB<br>ORDER ON REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE<br>(ECF No. 28) |

Plaintiff Jason Scutt brings this action against Defendants Paul Constantine Orphan, Lizzy Orphan, and Does 1-20 alleging that violations of the Americans with Disabilities Act ("ADA"), Civil RICO under 18 U.S.C. § 1962(c), Civil Rights Conspiracy under 42 U.S.C. § 1985(3), as well as claims under Nevada state law, including assault and battery, intentional infliction of emotional distress, invasion of privacy, elder abuse/financial exploitation of a vulnerable person, and negligence. (*Id.* at 7-13.) Plaintiff filed motions for temporary restraining orders and preliminary injunctions on May 18, 2026, and June 8, 2026. (ECF Nos. 4, 5, 25, 26.)

Because Plaintiff filed the complaint in forma pauperis, Magistrate Judge Carla L. Baldwin screened the complaint. (ECF No. 28.) She issued a Report & Recommendation (R&R) recommending that Plaintiff's complaint be dismissed without leave to amend in federal court. (*Id.*) Plaintiff filed an objection to the R&R. (ECF No. 32.) Plaintiff then filed an amended objection to the R&R. (ECF No. 34.)

## I. Factual Background

Plaintiff alleges that Paul Orphan is in a romantic relationship with Plaintiff's mother, Wendy Bennett. (ECF No. 1-1.) Ms. Bennett, according to Plaintiff, is elderly and disabled, suffering from a spine injury and opioid

dependency. (*Id.* at 2.) Plaintiff claims that Mr. Orphan is residing at her home without legal authority; verbally and physically threatening Plaintiff because of Plaintiff's "actual or perceived disability, gender identity, religion, and/or national origin;" and exploiting his relationship with Ms. Bennett to gain control over her financial affairs, property, and opioid prescription. (*Id.* at 5.) Plaintiff also alleges that Lizzy Orphan, Mr. Orphan's daughter, is supporting Mr. Orphan in exploiting Ms. Bennett. (*Id.*)

## II. Review of Reports and Recommendations

Under the Federal Magistrates Act, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by [a] magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Here, because Plaintiff has objected, the Court reviews the issues *de novo.*

## III. Legal Standard

Prior to ordering service on any Defendant, the Court is required to screen an in forma pauperis complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (noting the in forma pauperis statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an in forma pauperis complaint for the enumerated reasons). Such screening is required before a litigant proceeding in forma pauperis may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous

or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The Court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotations marks and citation omitted). A complaint must contain more than a "formulaic recitation of the elements of a cause of actions," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more. . . than. . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A dismissal should not be without leave to amend unless it is clear

from the face of the complaint the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

**IV. Analysis**

Plaintiff objects to each of the R&R's conclusions on dismissal. Therefore, the Court will analyze Plaintiff's objections claim by claim, per the order in the R&R. Although Plaintiff did not file a motion seeking leave to amend his objection pursuant to Local Rule 15-1, the Court will consider his amended objection as superseding and replacing the original.

**a. Violation of the ADA – Claim 1**

The R&R recommended that Plaintiff's ADA claim be dismissed with prejudice and without leave to amend because Plaintiff is attempting to bring a discrimination in public accommodations claim, and only alleges a denial of access to a private accommodation. (ECF No. 28 at 6.) Plaintiff objects to the R&R's holding that the claim should be dismissed with prejudice. (ECF No. 34 at 4.) Plaintiff contests the R&R's conclusion that the claim is intended as a public accommodations claim under Title III of the ADA, but does not state what kind of ADA claim he is attempting to bring in the alternative. (*Id.*) Plaintiff requests that the Court either preserve the disability discrimination allegations as part of an amended complaint alleging a theory of liability under section 1983 or allow them leave to amend the ADA claim "in its proper statutory form." (*Id.*)

Plaintiff alleges that Defendants violated section 12101 of the ADA by denying Plaintiff equal access to safe housing, facilitating physical violence, and intentionally inflicting emotional harm when Plaintiff attempted to return to Ms. Bennett's home as a caretaker. (ECF No. 1-1 at 8.)

Congress enacted the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities …." 42

U.S.C. § 12101(b)(2). As Plaintiff's ADA claim focuses on allegations of discrimination relating to housing and living at Ms. Bennett's home, the R&R construed this claim as alleging a violation of Title III of the ADA. Title III of the ADA prohibits discrimination by public accommodations, prescribing generally that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007); *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 669-70 (9th Cir. 2010).

While 42 U.S.C. § 12181(7) specifies twelve categories of private entities that are considered public accommodations, it does not cover a private home. "A private home, by itself, does not fall within any of the 12 categories. However, it can be covered as a place of public accommodation to the extent that it is used as a facility that would fall within one of the 12 categories." 28 C.F.R. pt. 36, app. B at 707. The most applicable in this instance would be § 12181(7)(A), which includes: "an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor[.]"

Regardless of whether Plaintiff intended to bring his ADA claim under Title III or another section of the ADA, the Court finds that amendment would be futile.

Claims under the ADA can only be stated against qualified employers (42 U.S.C. § 12112), public program or service providers (42 U.S.C. § 12132), or owners of public accommodations (42 U.S.C. § 12182). None of the named Defendants satisfy the definition required to bring a claim under the ADA. Plaintiff conceded that he is not attempting to bring a claim under the Title III, and the complaint contains no allegations that Mr. Orphan, Ms. Orphan, nor any of the Doe Defendants employed Plaintiff nor denied them access to a public program or service.

Plaintiff may still allege that Defendants discriminated against them on the basis of his disability under a different claim.

**b. Civil RICO – Claim 2**

The R&R recommends that Plaintiff's civil RICO claim be dismissed with prejudice and without leave to amend on the grounds that Plaintiff lacks statutory standing to bring a claim under RICO because he has not suffered an injury to "business or property." In his objection, Plaintiff argues that the claim should be dismissed without prejudice because he believes the deficiency can be cured by amendment. (ECF No. 34 at 4.)

Plaintiff alleges a civil RICO claim under 18 U.S.C. § 1962(c) against Mr. Orphan and Does 1-20 based on the alleged "financial exploitation" of Ms. Bennett's home and other assets, including allegations of mail fraud and wire fraud, financial exploitation of an elderly person, and potential money laundering. (ECF No. 1-1 at 8-9.) 18 U.S.C. § 1962(c) prohibits persons employed by or associated with an enterprise engaged in interstate or foreign commerce from engaging in the "enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." A civil RICO claim requires allegations that establish the following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's 'business or property.'" *Grimmett v. Brown*, 75 F.3d 506, 510 (9th Cir.

1996) (emphasis added) (citing 18 U.S.C. §§ 1964(c), 1962(c)). Injury to business or property for RICO standing purposes is defined as "concrete financial loss," which is "a categorical inquiry typically determined by reference to state law." *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969, 975 (9th Cir. 2008) (quoting *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005)). "Injury to mere expectancy interests or an 'intangible property interest' is not sufficient to confer RICO standing." *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002) (quoting *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607 (5th Cir. 1998)).

The Court finds that Plaintiff has not sufficiently stated a claim under 18 U.S.C. § 1962(c) because he has failed to establish statutory standing. The R&R construed Plaintiff's allegations to include both a potential current interest and his anticipated future interest in Ms. Bennett's property through inheritance. (ECF No. 28 at 7.) The R&R found that Plaintiff did not state current ownership of Ms. Bennett's property, and if Plaintiff was alleging a property interest in a future inheritance, Plaintiff would only have a "mere expectancy interest[,]" that is insufficient to bring a civil RICO claim under 18 U.S.C. § 1962(c). *See First Nat. Bank of Nev. v. Wolff*, 202 P.2d 878, 882 (Nev. 1949) (citing Page on Wills, sec. 938) ("A will takes effect at the death of the testator; not before and not after[.]"); *Chaset*, 300 F.3d at 1087 (dismissing civil RICO claims without leave to amend for lack of standing); *see also* 18 U.S.C. § 1964(c) ("Any person injured in his business or property . . . may sue."). The Court agrees.

Plaintiff argues that the R&R incorrectly denied him leave to amend, because any defect in standing can be cured, citing *Eclectic Properties East, LLC v. Marcus & Millichap Co.*, a Ninth Circuit case affirming a district court's dismissal of a civil RICO claim for failure to state a claim. 751 F.3d 990, 995 (9th Cir. 2014). Plaintiff does not effectively dispute a lack of property interest in Ms. Bennett's home to confer standing, however. Plaintiff's complaint alleges an injury to "business or property" including "loss of property interest and financial

harm," but does not allege ownership over any relevant business or property to the RICO claim. Plaintiff's objection does not address any facts upon which he could rely that would cure this defect. (ECF No. 34.) In Plaintiff's Supplemental Declaration in Support of Objection[1] (ECF No. 56), he details the financial obligations that he owes to Ms. Bennett and once again describes "the harm to Ms. Bennett." (*Id.*) Plaintiff has now filed multiple supplemental filings in support of his claims that all fail to identify any business or property interest in Ms. Bennett's home. Although he has taken several opportunities to bolster the record in support of his claims, including stating financial obligations that Plaintiff owes to Ms. Bennett, there is no record that Plaintiff has a present interest such that he has standing to bring a RICO claim.

Because the Court agrees that Plaintiff will not be able to state any facts that establish statutory standing given his lack of a business or property interest in Ms. Bennett's home, it dismisses this claim with prejudice and without leave to amend.

**c. Civil Conspiracy – Claim 3**

The R&R recommends Plaintiff's civil conspiracy claim under 42 U.S.C. § 1985(3) be dismissed with prejudice and without leave to amend because claims under section 1985(3) must be brought against state actors, and Plaintiff alleges that Defendants are involved in a conspiracy among private actors. In their amended objection, Plaintiff objects to the dismissal without leave to amend because he plans to amend his complaint to allege a claim against state actors Washoe County and Truckee Meadows Water Authority (TMWA) under 42 U.S.C. § 1983, not § 1985(3), under a theory of *Monell* liability. (ECF No. 34 at 3.) Namely,

---

[1] The Court takes judicial notice of the contents of Plaintiff's "Supplemental Declaration in Support of Objection," (ECF No. 56). *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746, n.6 (9th Cir. 2006) (citing *Holder v. Holder*, 305 F.3d 854, 866 (9th Cir. 2002)) (taking judicial notice of plaintiffs' briefs and other court filings).

Plaintiff plans to claim that TMWA "employed, supervised, disciplined or failed to discipline, and retained" Mr. Orphan. (*Id.*) Because the Court cannot consider the sufficiency of claim that was not pled in the complaint, it does not address any potential section 1983 claim. Regarding the claim against Defendants Mr. Orphan and Ms. Orphan under section 1985(3), the Court finds that it should be dismissed without prejudice and with leave to amend to state facts that support a private conspiracy.

Section 1985(3) allows parties to bring civil conspiracy claims against private actors. The Supreme Court in *Bray v. Alexandria Women's Health Clinic* explicitly laid out a path for stating a section 1985(3) claim against private actors by showing "(1) that 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus [lay] behind the conspirators' action,' *Griffin v. Breckenridge,* 403 U.S. 88, 102 (1971), and (2) that the conspiracy 'aimed at interfering with rights' that are 'protected against private, as well as official, encroachment,' *Carpenters v. Scott,* 463 U.S. 825, 833 (1983)." 506 U.S. 263, 267-268 (1993).

Although Plaintiff is not foreclosed from bringing a civil conspiracy claim against the Orphans, the Court finds that Plaintiff's allegations are conclusory and insufficient to state a claim. Plaintiff alleges that Defendants acted with invidiously discriminatory animus when several children entered the bathroom Plaintiff was in and when Mr. Orphan allegedly physically threatened Plaintiff. A statement that Mr. Orphan's acts "were motivated by Plaintiff's actual or perceived disability, gender identity, religion, and/or national origin," is simply "recit[ing] the elements of a cause of action" without more. (ECF No. 1-1 at 5); *see Starr*, 652 F.3d at 1216. Plaintiff also failed to sufficiently allege the second step of the analysis and state how Mr. Orphan and Ms. Orphan acted in concert, as each of Plaintiff's allegations focus on Mr. Orphan's behavior alone.

Although the R&R concluded that the claim should be dismissed without

leave to amend, the Court finds that the defects in Plaintiff's complaint could be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("leave to amend should be granted 'if it appears at all possible that the plaintiff can correct the defect.'") (quoting *Balistreri v Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988)).

Therefore, the Court agrees with the R&R's conclusion that Plaintiff's civil conspiracy claim under 42 U.S.C. § 1985(3) should be dismissed for failure to state a claim, however, it will grant Plaintiff leave to amend.

**d. State Law Claims – Claims 4, 5, 6, 7, and 8**

The R&R recommends that Plaintiff's remaining claims arising under Nevada state law be dismissed without prejudice with leave to file a new complaint in state court, based on its findings dismissing Plaintiff's federal claims with prejudice. The R&R concluded that it lacked federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction without any of the federal claims moving forward. Because the Court will grant Plaintiff leave to amend the complaint, it does not analyze whether the Court maintains jurisdiction over Plaintiff's state law claims at this juncture.

**e. Motions for Injunctive Relief**

The R&R recommended that Plaintiff's motions for injunctive relief be denied as moot because, following the dismissal of Plaintiff's claims, they are based on a non-operative complaint. *See, e.g., Malek v. Valentia Apartments, LLC,* Case No.: 24cv2076-LL BLM, 2025 WL 790961, at *1 (S.D. Cal. Mar. 12, 2025) (denying motions, including a motion for preliminary injunction, as moot where such motions we all based on "the now-inoperative complaint"). Plaintiff objects to this conclusion by arguing that if this Court grants leave to amend and any federal claim proceeds, the requests for injunctive relief are no longer moot. Plaintiff is incorrect. An amended complaint supersedes all prior complaints and moots any motion directed at an earlier version of the complaint. *See Ramirez v.*

*County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Therefore, the Court overrules this objection.

**V. Conclusion**

It is therefore ordered that Plaintiff's objection to Judge Baldwin's Report and Recommendation (ECF No. 34) is OVERRULED IN PART.

It is further ordered that Judge Baldwin's Report and Recommendation (ECF No. 28) is ADOPTED IN PART.

It is further ordered that Plaintiff's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND in part.

It is further ordered that Plaintiff's claim for a violation of the Americans with Disabilities Act, § 12101, is DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND.

It is further ordered that Plaintiff's claim for a violation of civil RICO under 18 U.S.C. § 1962(c) is DISMISSED WITH PREJUDICE and WITHOUT LEAVE TO AMEND.

It is further ordered that Plaintiff's claim for a violation of 42 U.S.C. § 1985(3) is DISMISSED WITHOUT PREJUDICE and WITH LEAVE TO AMEND.

It is further ordered that Plaintiff's motions for injunctive relief (ECF Nos. 4, 5, 25, 26, 55) and related motion (ECF No. 31) are DENIED AS MOOT.

It is further ordered Plaintiff's Notice and Motion to Deem Objection to Report and Recommendation Timely Filed (ECF No. 37) is DENIED AS MOOT.

It is further ordered that Plaintiff's Motion to Direct Service by the United States Marshals (ECF No. 49) and Renewed Motion for Extension of Time to Complete Service (ECF No. 54) are DENIED AS MOOT.

It is further ordered that Plaintiff's Motion for Leave to File Supplemental Declaration in Support of Objection (ECF No. 56) is GRANTED.

It is further ordered that Plaintiff's Motion to Amend Complaint (ECF No. 47) is DENIED AS MOOT. Plaintiff is ordered to file a new amended complaint by

November 9, 2026.

Dated this 9th day of October, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE